LEWIS R. WARREN, ESQ. (SBN 115411)
lwarren@abbeylaw.com
MICHAEL R. WANSER, ESQ. (SBN 283822)
mwanser@abbeylaw.com
ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200
Santa Rosa, CA  95401
Telephone:     (707) 542-5050
Facsimile:     (707) 542-2589

Attorneys for SECURITY DATA SUPPLY, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTEK SECURITY & CONTROL LLC, a California limited liability company, and CORE BRANDS, LLC, a California limited liability company,<br><br>            Plaintiff,<br><br>     v.<br><br>SECURITY DATA SUPPLY, LLC<br><br>            Defendants. | Case No.  4:18-cv-5271-DMR<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SECURITY DATA SUPPLY, LLC AND DEMAND FOR JURY TRIAL** |

**ANSWER**

Defendant Security Data Supply, LLC, hereby answers the Complaint filed by Plaintiffs Nortek Security & Control LLC and Core Brands, LLC (collectively, "Plaintiffs"), in the above-captioned matter as follows:

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states legal conclusions as to which no response is required. To the extent a response is required, Defendant admits that the amount in controversy in this matter exceeds $25,000, but Defendant denies that it is liable to Plaintiffs or that Plaintiffs are entitled to any amount of damages.

5. Paragraph 5 of the Complaint states legal conclusions as to which no response is

required. To the extent a response is required, Defendant admits that Defendant entered into an Authorized Domestic Distributor Agreement, which document is in writing and speaks for itself. Defendant denies all other allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits that the quoted language in Paragraph 10 of the Complaint appears in the Authorized Domestic Distributor Agreement. Defendant denies any suggestion of liability arising from Paragraph 10.

11. Defendant admits that the quoted language in Paragraph 11 of the Complaint appears in the Authorized Domestic Distributor Agreement. Defendant denies any suggestion of liability arising from Paragraph 11.

12. Defendant admits that the quoted language in Paragraph 12 of the Complaint appears in the Authorized Domestic Distributor Agreement. Defendant denies any suggestion of liability arising from Paragraph 12.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that the payment terms of account "280671" are Net 30, and the payment terms of account "CUS5712" are Net 60. Defendant denies all other allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 20, regarding what account "280671" allegedly indicates, and, on that basis, denies the same.

ABBEY, WEITZENBERG, WARREN & EMERY, P.C.
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050 Facsimile (707) 542-2589

21.     Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21, regarding what account "CUS5712" allegedly indicates, and, on that basis, denies the same.

22.     Defendant admits that Plaintiffs sent letters on or about May 8, 2018, demanding amounts allegedly owed. Defendant denies those amounts are legitimately owed, and denies all other allegations in Paragraph 22 of the Complaint.

23.     Defendant admits that Defendant has not paid Plaintiffs the amounts Plaintiffs have demanded because Defendant denies that those amounts are legitimately owed. Defendant denies all other allegations in Paragraph 23 of the Complaint.

**FIRST CAUSE OF ACTION**

24.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 23 above.

25.     Defendant admits the allegations in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 30 of the Complaint.

**SECOND CAUSE OF ACTION**

30.     Defendant repeats and incorporates by reference its responses to Paragraphs 1 through 29 above.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

///

**ABBEY, WEITZENBERG, WARREN & EMERY, P.C.**
100 Stony Point Road, Suite 200, P.O. Box 1566, Santa Rosa, CA 95402-1566
Telephone: (707) 542-5050   Facsimile (707) 542-2589

**AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: Neither the Complaint, nor any alleged cause of action therein, states facts sufficient to constitute a cause of action upon which relief can be granted.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: The Complaint, including each alleged cause of action therein, is barred under the doctrine of waiver.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: The Complaint, including each alleged cause of action therein, is barred under the doctrine of estoppel.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: The Complaint, including each alleged cause of action therein, is barred under the doctrine of unclean hands.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: Plaintiffs have failed to mitigate their damages, if any there be, and are therefore not entitled to the relief sought in the Complaint.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: Plaintiffs have failed to perform all conditions, covenants and/or promises required by them to be performed in accordance with the terms and conditions of its alleged agreement(s) with Defendant.

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: Defendant fully performed all of the conditions and covenants required to be performed by it until prevented from further doing so by the acts and conduct of Plaintiffs.

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: The Complaint, including each alleged cause of action therein, is barred by the statute of frauds.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

Defendant alleges that: The agreements that are the subject of the Complaint lacked consideration.

AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that: The Complaint on file herein, including each cause of action thereof, is barred by the doctrine of commercial frustration.

Defendant reserves the right to assert any and all additional affirmative defenses that discovery or other evidence may reveal to be appropriate. Defendant further reserves the right to amend its Answer or otherwise plead in response to Plaintiffs' Complaint, and to file such other Motions as it may deem advisable in defense of the case or as warranted by information adduced through the discovery process.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

## CONCLUSION

WHEREFORE, having answered the Complaint and set forth its affirmative defenses thereto, Defendant respectfully requests that this Court:

    a.    Order that Plaintiffs take nothing by their lawsuit;

    b.    Dismiss this action with prejudice;

    c.    Award Defendant its reasonable costs and attorneys' fees; and

    d.    Grant such other and further relief as the Court deems appropriate.

Dated: September 10, 2018        ABBEY, WEITZENBERG, WARREN & EMERY

/s/ Michael R. Wanser
Lewis Warren
Michael R. Wanser
Attorneys for SECURITY DATA SUPPLY, LLC